O’Neall, J.
In a ease situated like the present, I think the bill cannot be dismissed by the plaintiff. It is true, this Court went very far, in Bossard v. Lester, 2 M’C. Ch. Rep. 419, in holding in a case in which the defendant had filed a cross bill, and there had been an order referring the accounts, that the plaintiff might dismiss his bill. The fact, in that case, that the defendant had asked and obtained leave to withdraw his’ cross bill, constituted a strong reason why a similar indulgence, that *289 of dismissing his bill, should be allowed to the plaintiff. The Court in that case, however, very distinctly recognize the doctrine, that after the decree settling the rights of the parties, the plaintiff cannot dismiss the bill.
hailUO LU VV il-LljU UiCUlUUlO COJL guilLUl^U, CUlllt uu uuvu UU W1W. in and prove their demands; and praying for an injunction to restrain them from proceeding at law. The injunction was obtained ; and subsequently a decree for the payment into Court, of a sum admitted to be in their hands: this sum it seems has been paid to one or more of the creditors — a further sum is claimed from one or both of the trustees. Muldrow alone moves to dismiss the bill: this is resisted by Bruce, the other trustee, and the creditors who have come in and proved their demands.
In Lashley v. Hogg, 11 Ves. 602, there was a decree for an account with the usual direction for an advertisement for creditors: a petition was presented under an arrangement, with the consent of all parties and, all the creditors who had come in, the time having expired for dismissing the bill and disposing of the fund in Court. The Lord Chancellor said he could not dismiss the bill after a decree, except upon a re-hearing or appeal. But the object as to the disposition of the funds might be obtained by consent upon further directions, though the time had elapsed; yet the Court will let in creditors at any time, while the funds is in Court.
That case was a much stronger one for the dismission than this; there, all parties consented to the dismission : but as there had been a decree for an account, the Chancellor refused to dismiss the bill. In this case, a part of the fund had been decreed to be paid, and other creditors had come in and proved their demands. It cannot therefore be, that this plaintiff, Muldrow, against the wish of his co-plaintiff, Bruce, and all the creditors, should be allowed now to dismiss his bill. The Chancellor was right in- overruling his motion : — his decision is affirmed.
Johnson, J., and Harper, J., concurred